**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re<br><br>FOODS, INC. D/B/A DAHL'S FOODS,<br><br>        Debtor. | Case No. 14-02689-ALS-11<br><br>Chapter 11 |
| BARRY A. CHATZ, not individually, but solely as the Liquidating Trustee of the Foods, Inc. Liquidating Trust,<br><br>        Plaintiff,<br>    v.<br><br>PAN-O-GOLD BAKING CO.,<br><br>        Defendant | Adv. No. 16-30063 |

**PLAINTIFF'S RESISTANCE TO DEFENDANT'S PREANSWER**
**MOTION TO STRIKE**

COMES NOW the Plaintiff, Barry A. Chatz, not individually, but solely as the Liquidating

Trustee of the Foods, Inc. Liquidating Trust, by and through his undersigned counsel, and hereby

RESISTS and OBJECTS to the Defendant's Preanswer [sic] Motion to Strike and in support thereof

states and shows to the Court the following:

1.      On November 9, 2014, Foods Inc. d/b/a Dahl's Foods (the "Debtor") caused to be

filed in the United States Bankruptcy Court for the Southern District of Iowa, a petition (Doc. 1, main

case) for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      On August 17, 2015, the Debtor filed its "Second Amended Combined Plan of

Reorganization and Disclosure Statement Dated August 17, 2015" (the "Plan") (Doc. 592 main case).

Said Plan was a "Liquidating Plan" in that it proposed to pay "Creditors of the Debtor primarily from

1

the liquidation and sale of assets of the Bankruptcy Estate." Plan at Article I, p. 1 (Doc. 593, main case). The Court confirmed the Plan (with amended exhibits), and approved the Amended Disclosure Statement by Order entered on October 9, 2015 ("Confirmation Order") (Doc. 647, main case).

3.      Article VI, Sec. A, of the Plan provides for the creation of a Trust to hold assets pending distribution and the appointment of a Liquidating Trustee to exercise the avoidance powers provided by Chapter 5 of the Bankruptcy Code. Article VI, Sec. H identifies Barry A. Chatz, Esq. as the Liquidating Trustee. Article VI, Sec. L, sets forth specifics regarding the Liquidating Trust and the creation of an Oversight Committee to oversee the actions of the Liquidating Trustee in administering the Liquidating Trust. See also, Exhibit F, the Liquidating Trust Agreement.

4.      On November 2, 2016, the Liquidating Trustee caused to be filed an adversary proceeding naming Pan-O-Gold Baking Co., as Defendant and seeking to recover certain transfers made to the Defendant within the ninety days prior to Petition Date. Said complaint provides in part pertinent to this Resistance; "Barry A. Chatz (the "Liquidating Trustee" or "Plaintiff"), not individually but solely as the Liquidating Trustee of the Foods, Inc. Liquidating Trust (the "Liquidating Trust"), hereby files this complaint (the "Complaint") to avoid and recover transfers made to PAN-O-GOLD BAKING CO. (the "Defendant")". (Doc. 1 at p. 1).

5.      On January 23, 2017, the Plaintiff caused to be filed a Certificate of Service demonstrating that service of the Complaint and Summons had been made on the Defendant on January 23, 2017. (Doc. 5).

6.      On March 10, 2017, the Defendant caused to be filed a document identified as "DEFENDANT'S PREANSWER MOTION TO STRIKE." (the "Strike Motion") (Doc. 7). The Strike Motion is devoid of citation of any Rule of Civil Procedure under which it is brought. In addition, no Brief in support of the Strike Motion with citation to legal authority was filed.

7.      The Strike Motion bears a signature block for Attorney Mathew Cronin of the firm Belin McCormick, P.C..    The signature block provides a signature line of By _____, but said signature line does not contain a /s/ electronic signature. Accordingly, the Strike Motion is not properly signed as required by Federal Rule of Bankruptcy Procedure 9011(a).  Federal Rule of Bankruptcy Procedure 9011 provides in relevant part:

> **"(a) Signature**
> Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. **An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.** (Emphasis added)."

8.      The Strike Motion makes references to adversary proceeding number 16-30087-als, presumably seeking to incorporate by reference filings in that adversary action rather than specifically setting forth any authority for the relief requested by Defendant in the instant adversary proceeding.  Defendant does not cite to any authority which would permit it to incorporate by reference arguments and authority that are set forth in a separate adversary proceeding, particularly when the Defendant failed to attach any documents to the Strike Motion to demonstrate exactly what it was attempting to incorporate.

9.      In the Strike Motion, the Defendant asks the Court to Strike the "Plaintiff's filings at Docket Numbers 1-5 due to Plaintiff's counsel's failure to comply with Iowa law and local rules…" without citing those affected rules.  Defendant bases its' request on the assertion that Attorney Richard Lauter who filed the Complaint, is not an Iowa licensed attorney, and "for purposes of representing the Liquidating Trustee, failed to seek *pro hac vice* admission and failed to associate with Iowa counsel for the adversary cases." Strike Motion at ¶¶ 6-7.  Apparently, Defendant seeks to strike not only the complaint brought against it, but also to strike additional complaints brought against multiple

3

defendants with which it has no privity. Defendant's request for relief is without merit and should be denied.

## I. FEDERAL RULE OF CIVIL PROCEDURE 12(f) DOES NOT PROVIDE AUTHORITY TO STRIKE PLAINTIFF'S COMPLAINT

10.     The "Motions to Strike" upon which Defendant apparently relies have alluded to Federal Rule of Bankruptcy Procedure 7012(f) as providing authority for the Court to strike the Complaint in that specific adversary proceeding. Federal Rule of Bankruptcy Procedure 7012(b) specifically incorporates the provisions of Federal Rule of Civil Procedure 12(b)-(i). Federal Rule of Civil Procedure 12(f) provides:

> (f) **Motion to Strike**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>   (1) on its own; or
>   (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

11.     The Eighth Circuit Court of Appeals has explained that because that Rule 12(f) is written in the "permissive," the district court "enjoys 'liberal discretion' thereunder." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting Thor Corp. v. Automatic Washer Co., 91 F.Supp. 829, 832 (D.C.Iowa 1950)). Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, thus, the Eighth Circuit has held that "[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." Id. (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure: Civil § 1380 at 783 (1969)) and, also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000) ("Courts disfavor the motion to strike, because it 'proposes a drastic remedy.'")). In ruling on a Rule 12(f) Motion to Strike:

4

> All well-pleaded facts are taken as admitted on a motion to strike but
> conclusions of law or conclusions drawn from the facts do not have to be
> treated in that fashion by the district judge. Matter outside the pleadings
> normally is not considered on a Rule 12(f) motion.

5C Wright & Miller, Federal Practice and Procedure: Civil § 1380 (3d ed.).

12.    The Ninth Circuit Court of Appeals gives further guidance regarding analysis of a

Rule 12(f) Motion to Strike.  The Ninth Circuit recognizes that analysis of a Federal Rule of

Civil Procedure begins with the plain language of the Rule; thus, the Court should determine

whether the pleading was: "(1) an insufficient defense; (2) redundant; (3) immaterial; (4)

impertinent; or (5) scandalous." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973–74

(9th Cir. 2010).

13.    In this case, Defendant makes no assertion that any part of the Complaint is

redundant, immaterial, impertinent, or scandalous.  Nor can Defendant make such claim.  The

Complaint is a standard Complaint to set aside a preferential transfer pursuant to 11 U.S.C. §§

547 & 550, along with a disallowance of claim Count under § 502(d) & (j). Defendant concedes

that Plaintiff was vested with "the right to pursue actions to recover money under state law or the

Bankruptcy Code." Strike Motion at ¶ 2. Instead, Defendant takes exception to Attorney Richard

Lauter filing the Liquidating Trustee's Complaint using Mr. Lauter's CM/ECF login and with

Mr. Lauter's signature on the bottom of the Complaint. Such allegations do not provide the basis

for a Motion to Strike under Federal Rule of Civil Procedure 12(f).  Accordingly, the Court

should deny Defendant's Motion to Strike.

## II. IN ITS MOTION AND BRIEF DEFENDANT FAILS TO IDENTIFY PROPER AUTHORITY TO SUPPORT THE MOTION TO STRIKE.

11.    It is well settled that Courts, by their nature have certain implied powers which

are necessary to the exercise of all other powers granted to them.  Chambers v. NASCO, Inc.,

501 U.S. 32, 43 (1991). They are "universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Id. (quoting Anderson v. Dunn, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)). Further, a Bankruptcy Court has inherent authority to regulate attorneys that practice before it. In re Miller Auto. Grp., Inc., 521 B.R. 323, 333 (Bankr. W.D. Mo. 2014) aff'd sub nom. In re Miller Auto. Grp. Inc., 536 B.R. 828 (B.A.P. 8th Cir. 2015).

12.      To the extent that Defendant may ultimately cite to Carr Enters, Inc. v. United States, 698 F.2d. 952, 953 (8th Cir. 1983) and McKenna v. Champion Int'l Corp., 747 F.2d 1211, 1215 (8th Cir. 1984) to support its Strike Motion, said cases fail to provide Defendant with support.  Carr Enters, Inc. involves a case in which a corporation's secretary/treasurer appeared on the appeal brief for the corporation.  The Eighth Circuit recites the well-settled rule that a corporation may only appear in federal court through licensed counsel.  It says nothing about the application of state "substantive" law regarding regulation of attorneys.  Carr Enters, Inc., 698 F.2d at 953.  McKenna, involved a class action case where the District Court had directed that notice be given to potential class members.  McKenna, 747 F.2d at 1213-14. After determining that the District Court lacked authority to direct notice be given to potential class members, the Eighth Circuit went on to analyze whether plaintiff's attorney could send the notice. Id. at 2014-15. The Eighth Circuit stated the general proposition regarding inherent authority over attorneys practicing before a court, noted that the District Court had adopted Model Code of Rules, and explained how the Model Rules would preclude an attorney from soliciting clients. Id. at 2015. The case says nothing about applying state substantive law in the regulation of attorneys practicing before a federal court.

6

13.     In re Jolly, 313 B.R. 295 (Bankr. S.D.Iowa) and the case cited therein, Iowa Supreme Court Commission on Unauthorized Practice of Law v. Sturgeon, 635 N.W.2d 679 (Iowa 2001), both deal with the issue of bankruptcy petition preparers at a time when such practice among unlicensed persons was proliferating to the detriment of unfortunate debtors. The Courts were concerned that persons with little knowledge of the law and no training were providing legal advice to unsophisticated debtors regarding completion of bankruptcy schedules. In some cases, exemptions were lost and the discharge endangered. The United States Trustee was rightly concerned about the practice and took action to ensure that debtors were protected from unscrupulous persons. See, In re Jolly, 313 B.R. 295 (Bankr. S.D.Iowa). These cases address a very narrow issue and take actions to protect debtors.

14.     The Eighth Circuit Bankruptcy Appellate Panel ("BAP") decision FHC Enterprises, Inc. v. Drevlow (In re Drevlow), 221 B.R. 767 (B.A.P. 8th Cir. 1998) also fails to support the relief sought by Defendant. Drevlow involved the dismissal of an appeal. The BAP specifically stated that the question before it was "the timeliness of an appeal where the appellant timely paid the filing fee, but failed to file a written notice within the period provided by Rule 8002(a)." Id. at 768. The BAP determined that the failure to timely file the written notice deprived the BAP of jurisdiction to hear the matter. Id. In dicta, the BAP offered as an alternative analysis, stating the well-settled rule that a corporation can only appear through a licensed attorney, and since an officer, director, or representative had paid the filing fee and had attempted to represent the corporation, the appeal was not properly taken. The BAP's reference to "Minnesota common law" was not supported by authority and was unnecessary to the resolution of the matter.

15.    State law is not dispositive when addressing the appearance and practice of an attorney before a Federal Court.  This Court should look to Federal law and the Federal Rules to when addressing this issue.

### III. ATTORNEY RICHARD LAUTER WAS PROPERLY ADMITTED TO PRACTICE BEFORE THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF IOWA.

16.    As stated above, the Debtor filed its petition for relief on November 9, 2014. On November 18, 2014, the United States Trustee formed the Committee of Unsecured Creditors (the "Committee") (Doc. 72, main case).

17.    The Committee chose the firm of Freeborn & Peters LLP to be its counsel ("Freeborn").  Richard Lauter ("Lauter") was one of the attorneys at Freeborn assisting the Committee with the Case.

18.    On November 24, 2014, Lauter filed the Motion for Admission Pro Hac Vice seeking admission on the roll of attorneys permitted to practice before the United States Bankruptcy Court in the Foods, Inc. case (Doc. 99, main case).

19.    Lauter's request to appear in the Case *pro hac vice* was granted by the Court on November 24, 2014. (Doc. 115, main case).

20.    As counsel for the Committee, Lauter and other attorneys at Freeborn represented the interest of the general unsecured creditor body and worked with the objective to maximize the recovery to unsecured creditors.

21.    With the concerted efforts from the professionals of the Debtor, the Committee, Associated Wholesale Grocers, Inc., and other relevant parties, the Debtor was able to confirm its Plan.

22.     Pursuant to the Plan and the Confirmation Order, on the Effective Date of the

Plan, the Committee ceased to exist. Plan, Art. V, Sec. L.  The Effective Date of the Plan

occurred on November 6, 2015.  (See Doc. 677, main case).

23.     As is common with many other chapter 11 cases where a liquidating plan is

confirmed, Freeborn, counsel for the Committee, upon the dissolution of the Committee under

the Plan, continued its involvement in the Case by representing the Liquidating Trustee.  As

counsel for the Liquidating Trustee, attorneys at Freeborn, including Lauter, focused their efforts

on liquidating all remaining assets of the Debtor's estate, including the pursuit of Chapter 5

avoidance actions, and assist the Liquidating Trustee with distribution of assets to unsecured

creditors, thus continuing to work in the best interest of the unsecured creditors.

24.     Having obtained the authority to practice *pro hac vice* in the Foods, Inc. Case on

November 24, 2014, Lauter believed the grant of his *pro hac vice* admission status was for the

entirety of the Foods, Inc. Case.  On November 13, 2015, Lauter filed the Notice of Appearance

and Request for Notice ((Doc. 673 main case) on behalf of the Liquidating Trustee, disclosing he

and Freeborn's representation of the Liquidating Trustee, but did not file another *pro hac vice*

motion again seeking additional authority to appear before this Court in the Case.

25.     In moving from the representation of the Committee after the dissolution thereof

to the representation of the Liquidating Trustee, Lauter continued in the role of working in the

best interest of the unsecured creditors and maximizing the recovery to same.

26.     Additionally, unlike civil cases filed in federal district courts, a bankruptcy case

by its nature can, and often does, involve numerous associated preferential transfer avoidance

adversary proceedings.  Such adversary proceedings, arise directly as a result of the main

9

bankruptcy case.  No such adversary proceedings could be filed in a bankruptcy court without the existence of the main bankruptcy case.

27.     At the time Lauter filed his *pro hac vice* motion on November 24, 2014, he was associated with attorney Ms. Tonita M. Helton who was licensed to practice in Iowa and admitted to practice in the District Court for the Southern District of Iowa.  In or around March 1, 2016, Lauter moved from the Freeborn firm to Lewis Brisbois Bisgaard & Smith LLP ("LBBS"); however, the association with Ms. Helton was not terminated.

28.     Accordingly, Lauter has properly been admitted to practice before the United States Bankruptcy Court for the Southern District of Iowa.  His admission has not been revoked nor terminated.  His CM/ECF filing login has not been terminated.  He has properly appeared for Plaintiff in the main case and his electronic signature on the Complaint in the matter is a valid appearance as well.  Therefore, Defendant's Strike Motion is without merit, and should be denied.

29.     As set forth above, any reliance by Defendant on Iowa Code 602.10111 would be misplaced because this is a federal matter. Effective August 4, 2003, the United States Bankruptcy Court for the Southern District of Iowa abolished its Local Rules. Prior to this date, the Local Rules, provided guidance for the application to appear p*ro hac vice* in the Bankruptcy Court. Post-abolition of the Local Rules, the Southern District of Iowa Bankruptcy CM/ECF User's Guide Part 3, effective July 2003 (the "Guide"), incorporated Local Rule 83.2(d)(2) to differing extents for Judges Hill and Jackwig.  The Guide remains on the Court's website, but the *Pro Hac Vice* portion does not appear to be updated to remove Judge Hill and include Judge Shodeen.  On June 2, 2016, this Court entered General Order 2016-2 regarding "Attorney Admission and CM/ECF Filing Privileges."  The Order appears to address the issue of attorneys

10

who were admitted to the rolls of the United States Court for the Southern District of Iowa and

who had maintained good standing with the District Court.  It does not expressly adopt the

District Court's Local Rule 83, nor does it appear to specifically address Motions to Appear *Pro*

*Hac Vice*.

30.     Mr. Lauter was admitted to the local bar to practice in this case.  The docket is

devoid of any termination of Mr. Lauter's admission.  As of this filing, Mr. Lauter retains his

CM/ECF filing privileges and remains on the roll of attorneys who have filing privileges in the

Southern District Bankruptcy Court.  The Court has received several of filings from Mr. Lauter,

including his Appearance on behalf of the Liquidating Trustee Barry A. Chatz. Neither the Clerk

of the Bankruptcy Court nor Chambers or any officer of the Court raised the issue of Mr.

Lauter's admission status prior to the filing of this avoidance adversary proceedings. The docket

is devoid of any termination notice, Order to Show Cause why Mr. Lauter's admission should be

terminated, and any Motion, Notice, or Objection to Mr. Lauter's participation in this case prior

to the Motion to Strike filed in Adversary Proceeding No. 16-30087 and 16-30052.

31.     Federal Rule of Bankruptcy Procedure 9010 ("Rule 9010") applies to this

proceeding, and provides in relevant part:

> (a) **Authority To Act Personally or by Attorney.** A debtor, creditor,
> equity security holder, indenture trustee, committee or other party may (1)
> appear in a case under the Code and act either in the entity's own behalf or
> by an attorney authorized to practice in the court, and (2) perform any act
> not constituting the practice of law, by an authorized agent, attorney in
> fact, or proxy.

> (b) **Notice of Appearance.** An attorney appearing for a party in a case
> under the Code shall file a notice of appearance with the attorney's name,
> office address and telephone number, unless the attorney's appearance is
> otherwise noted in the record.

32.     Lauter complied with Rule 9010 by filing his Notice of Appearance, including all

the required elements set forth in 9010(b). Moreover, Lauter was already granted permission by

the Court to appear *pro hac vice* in the Case upon which the instant proceeding is based.

33.     Accordingly, the Complaints are not deficient, and the Motion to Strike is without

merit.

**IV. TO THE EXTENT THAT THE COURT DETERMINES THAT LAUTER
WAS NOT ADMITTED TO PRACTICE BEFORE THE UNITED STATES
BANKRUTPCY COURT FOR THE SOUTHERN DISTRICT OF IOWA,
THE COURT SHOULD DETERMINE THE MOTION TO STRIKE
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011.**

34.     Federal Rule of Bankruptcy Procedure 9011(a) governs the signing of papers

submitted to a United States Bankruptcy Court.  Rule 9011(a) states:

**(a) Signature**

> Every petition, pleading, written motion, and other paper, except a list,
> schedule, or statement, or amendments thereto, shall be signed by at least one
> attorney of record in the attorney's individual name. A party who is not
> represented by an attorney shall sign all papers. Each paper shall state the
> signer's address and telephone number, if any. **An unsigned paper shall be
> stricken unless omission of the signature is corrected promptly after
> being called to the attention of the attorney or party.** (Emphasis added).

35.     In this case, the Defendant has alleged that Plaintiff's counsel was not admitted to

practice before the United States Bankruptcy Court for the Southern District of Iowa and

therefore, lacked the ability to sign a pleading filed with the Court. If the Court agrees that the

matter is properly before it, and that Lauter is not admitted, the Court should consider the Strike

Motion under Rule 9011(a). As noted above, Rule 9011(a) provides that an unsigned pleading

shall be stricken, unless the omission of the signature is corrected promptly after being called to

the attention of the attorney or party.

36.     The United States Bankruptcy Court for the Southern District of Mississippi has addressed the very issue that is before this Court, and provides the proper analysis for the resolution of the issue.  In Knessel v. Davis (In re Davis), 2011WL1793142, Adv. No. 10-05046 (Bankr. S.D.Miss., May 10, 2011), the Bankruptcy Court denied a Motion to Strike Pleadings and Dismiss Adversary with Prejudice.  In that case, a creditor of the debtor brought an action to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(A). At the end of the Complaint, two names with contact information appeared. Douglas C. Proxmire's name was preceded by /s/ indicating that Mr. Proxmire had electronically signed the document. Id. at 1-2. The defendant moved to strike the pleading and dismiss the adversary proceeding, arguing that neither person whose name appeared on the pleading was admitted to practice before the Mississippi Bankruptcy Court. He further argued that because the limitations period to bring the adversary proceeding had expired, the complaint should be dismissed with prejudice. Id. In deciding the issue, the Court noted that Federal Rules of Bankruptcy Procedure 9010 and 9011 were controlling.  Rule 9010 provides for the appearance by counsel and 9011(a) addresses the striking of a pleading that lacks a signature.  The Court explained that Rule 9011 contained a remedial provision that permitted the omission of a signature to be corrected upon notification. Id. at 5. The Court determined that the issue was not properly brought to the plaintiff's attention until the hearing on the subject Motion.  At that hearing, the Court directed the plaintiff to take "prompt remedial action" regarding the complaint. Id.  Further, the Court rejected the defendant's argument that the complaint was void, because such assertion directly contradicted Rule 9011 since Rule 9011 provided that the omission could be corrected. Finally, the Court noted that the omission could be corrected either by the filing of an amended petition with the signature of a licensed attorney or through the approval of a *pro hac vice* motion by Mr.

13

Proxmire within the time allowed by the Court. The Court specifically determined that the amended complaint would relate back to the original filing pursuant to Federal Rule of Civil Procedure 15(c)(1)(B) (as incorporated by Federal Rule of Bankruptcy Procedure 7015). Id. at 5-6.

37.     This case provides the same issue as the Davis case. Defendant claims that Lauter was not properly admitted to this Court's bar, he could not sign the Complaint on behalf of the Plaintiff, and therefore, the Complaint was effectively unsigned. If the Court agrees, it should notify Plaintiff and provide a set time to remedy the omission. Lauter has already filed a new motion for *pro hac vice* admission on behalf of Plaintiff.  He can file such a motion in each preference adversary proceeding if need be.  Additionally, Plaintiff can file Amended Complaints (along with Motions to Amend if need be) in the preference adversary proceedings as well.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order DENYING Defendant's Motion to Strike.

Dated this 29 day of March, 2017.

Respectfully submitted,

DAY RETTIG MARTIN, P.C.

 */s/ Ronald C. Martin*
Ronald C. Martin IS9998294
PO Box 2877
Cedar Rapids, Iowa   52406-2877
Telephone: (319) 365-0437
FAX: (319) 365-5866
E-mail: ronm@drpjlaw.com
**ATTORNEY FOR BARRY A. CHATZ,
LIQUIDATING TRUSTEE FOR THE
FOODS, INC. LIQUIDATING TRUST**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 29, 2017, the foregoing document was served upon all parties to the above adversary proceeding via the Court's electronic filing system on counsel of record and to the Office of the United States Trustee via electronic transmission to the e-mail addresses below:

/s/ Nicole L. Cihla

Sent via e-mail to:

Office of the United States Trustee:  james.l.snyder@usdoj.gov