UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br>FOODS, INC. d/b/a DAHL'S FOODS,<br><br>　Debtors.<br><br>BARRY A. CHATZ, not individually but solely as the Liquidating Trustee of the Foods, Inc. Liquidating Trust,<br><br>　Plaintiff,<br><br>v.<br><br>PAN-O-GOLD BAKING CO.,<br><br>Defendant. | Chapter 11<br><br>Case No. 14-02689-als-11<br><br>Adversary No. 16-30063-als<br><br>**ANSWER ON BEHALF OF PAN-O-GOLD BAKING CO.** |

## ANSWER

Defendant, Pan-O-Gold Baking Co. ("Pan-O-Gold"), states the following as its Answer to Plaintiff's Complaint in the above-captioned matter:

1. Defendant denies that it is incorporated in Iowa, and admits the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint. To the extent Plaintiff's prayers for relief are construed as consent to this Court's entry of final orders or judgment pursuant to Fed. R. Bankr. P. 7008, pursuant to Fed. R. Bankr. P. 7012, Defendant states that it consents to entry of final orders or judgment.

3. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint, and, therefore, denies the same.

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits that the Court entered on Order on October 9, 2015 at Docket No. 647, and affirmatively states that the Order and other pleadings filed in the above-captioned matter speak for themselves. Defendant denies all remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint, and, therefore, denies the same.

7. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint, and, therefore, denies the same.

8. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint, and, therefore, denies the same.

9. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, and, therefore, denies the same.

10. Defendant admits the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint, and, therefore, denies the same.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that the transfers alleged in Plaintiff's Complaint are subject to defenses. Defendant states that 11 U.S.C. Section 547(g) speaks for itself, and that no response is necessary with respect to the legal conclusions with respect thereto set forth in Paragraph 13 of Plaintiff's Complaint.

**COUNT I**

14. Paragraph 14 of Plaintiff's Complaint requires no response.

15. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, and, therefore, denies the same.

16. Defendant admits it received payments from Debtor, but is without sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint regarding Exhibit B to Plaintiff's Complaint, and, therefore, Defendant denies the same.

17. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint, and, therefore, denies the same.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint, and, therefore, denies the same.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

WHEREFORE, Defendant asks that this Court enter an Order dismissing Plaintiff's Complaint in the above-captioned matter with prejudice; that this Court enter judgment in Defendant's favor, and against Plaintiff; that this Court assess the costs of this matter against Plaintiff; and that this Court grant such other and further relief as it deems just and appropriate under the circumstances.

## COUNT II

21. Paragraph 21 of Plaintiff's Complaint does not require a response.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that it was the initial transferee of certain transfers from Debtor. Defendant denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

WHEREFORE, Defendant asks that this Court enter an Order dismissing Plaintiff's Complaint in the above-captioned matter with prejudice; that this Court enter judgment in Defendant's favor,

and against Plaintiff; that this Court assess the costs of this matter against Plaintiff; and that this Court grant such other and further relief as it deems just and appropriate under the circumstances.

## COUNT III

25. Paragraph 25 of Plaintiff's Complaint does not require a response.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

WHEREFORE, Defendant asks that this Court enter an Order dismissing Plaintiff's Complaint in the above-captioned matter with prejudice; that this Court enter judgment in Defendant's favor, and against Plaintiff; that this Court assess the costs of this matter against Plaintiff; and that this Court grant such other and further relief as it deems just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c) and 12(b), made applicable to the above-captioned matter pursuant to Fed. R. Bankr. P. 7008 and 7012(b), Defendant states the following affirmative defenses to Plaintiff's Complaint in the above-captioned matter:

1. Some or all of the payments alleged in Plaintiff's Complaint that Defendant received were contemporaneous exchanges for new value.

2. Any of the payments alleged in Plaintiff's Complaint that Defendant received were in payment of a debt the Debtor incurred in the ordinary course of the Debtor's and Defendant's business or financial affairs, and: i) the transfer was either made in the ordinary course of business or financial affairs of the Debtor and Defendant; or ii) was made according to ordinary business terms.

3. Defendant provided new value to or for the benefit of the Debtor (in the form of the shipment of subsequent product) after Defendant received any of the payments alleged in Plaintiff's Complaint. The Debtor did not make an otherwise unavoidable transfer to Defendant on account of those subsequent deliveries, and the debt the Debtor so incurred to Defendant was not secured by an otherwise unavoidable security interest.

WHEREFORE, Defendant asks that this Court enter an Order dismissing Plaintiff's Complaint in the above-captioned matter with prejudice; that this Court enter judgment in Defendant's favor, and against Plaintiff; that this Court assess the costs of this matter against Plaintiff; and that this Court grant such other and further relief as it deems just and appropriate under the circumstances.

Respectfully submitted,

BELIN McCORMICK, P.C.

By/s/Matthew T. Cronin _____
    Matthew T. Cronin              AT0001860

666 Walnut Street, Suite 2000
Des Moines, IA  50309-3989
Telephone:  (515) 283-4640
Facsimile: (515) 558-0640
E-mail: mtcronin@belinmccormick.com

ATTORNEYS FOR DEFENDANT PAN-O-GOLD
BAKING CO.

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action on July 7, 2017 electronically by the U.S. Bankruptcy Clerk or by U.S. Mail as set forth below upon all parties to the above-cause.

Signature: /s/ Matthew T. Cronin